UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILLIAM T. MORRISON, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FEDERAL BUREAU OF PRISONS, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 21-cv-02860 (BAH) |

## MEMORANDUM OPINION

Plaintiff William T. Morrison, proceeding *pro se* and *in forma pauperis* ("IFP"), filed a self-styled "Petition for Writ of Mandamus" against defendant, the Federal Bureau of Prisons ("BOP"), seeking relief under the Administrative Procedure Act ("APA") and an order pursuant to the "All Writs Act encompassing the Mandamus and Venue Act and Prohibition Act, 28 U.S.C. §1361 coupled with 28 U.S.C. §1331." *See* Petition ("Pet."), at 1–3, ECF No. 1. Defendant moves to dismiss the petition, pursuant to Federal Rule of Civil Procedure 12(b)(1), on grounds, *inter alia*, that plaintiff's claims are moot. Def.'s Motion ("Def.'s Mot.") at 1, ECF No. 11; Def.'s Mem. Supp. Mot. to Dismiss ("Def.'s Mem.") at 5, 7, 10, ECF No. 11; *id*., Def.'s Exhibits in Supp. ("Def.'s Exs."), ECF Nos. 11-1, 11-2, 11-3. [1] For the reasons discussed below, defendant's motion to dismiss is granted.

**I.    BACKGROUND**

---

[1] Since this motion is resolved on mootness, the alternative grounds proffered by defendant to dismiss the petition—namely, on the bases of sovereign immunity, *see* Def.'s Mem. at 8–10, failure to exhaust administrative remedies, *id*. at 11–13, failure to state a claim upon which relief may be granted, *id*. at 8, and *res judicata*, *id*. at 13–15—need not be addressed.

1

Following brief review of the procedural history in this case, the factual allegations underlying plaintiff's petition for relief are summarized.

**A. Procedural History**

Plaintiff initiated this matter on October 26, 2021, while incarcerated at the Federal Correctional Institution in Oakdale, Louisiana ("FCI Oakdale"). *See* Pet. at 2–3, Cert. of Service; *see also* Mot. for Leave to Proceed IFP, at 1, ECF No. 2; Prisoner Trust Accounting, at 1, ECF No. 3. Following service of the summons and a brief extension granted to defendant to respond, *see* Minute Order, dated April 8, 022, defendant filed the pending motion to dismiss on May 9, 2022, and mailed a copy of the motion to dismiss to the plaintiff's last known address, which at the time, was still FCI Oakdale, *see* Def.'s Mot. at 2; Def.'s Mem. at 15, while noting that, per the BOP's "Inmate Locator," plaintiff was released from federal custody on May 3, 2022, *see* Def.'s Mot. at 2 n.1; Def.'s Mem. at 5; Def.'s Ex. 1, at 1 (Inmate Locator Database Printout); *see also* https://www.bop.gov/inmateloc/ (showing that plaintiff was released on 5/3/22) (last visited on Jan. 6, 2023). Plaintiff, however, had not updated his post-release address with either defendant's counsel or the Court.

On May 10, 2022, the Court entered an order (citing *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988)) ("*Fox* order"), ECF No. 12, advising plaintiff to respond to defendant's motion to dismiss by June 10, 2022, or the Court could rule on the motion, and/or dismiss this matter, without the benefit of his position. Upon later review, the court discovered that the docket did not expressly indicate that the Clerk of Court had mailed the *Fox* order to plaintiff but, in any event, without notice of his new address, the order would have been mailed to his last known address at FCI Oakdale.

Plaintiff did, however, file a notice of change of address ("Pl.'s NCA"), ECF No. 13, on May 9, 2022, but that notice was not entered on the docket until May 15, 2022. Consequently, neither the Court nor defendant was privy to the plaintiff's updated address until after defendant had filed and mailed the motion to dismiss, and after the Court had entered the *Fox* order. It was therefore unclear if plaintiff ever received copies of same.

Accordingly, on October 21, 2022, the Court directed the Clerk of Court to mail courtesy copies of (1) defendant's motion to dismiss, supporting memorandum, and exhibits, (2) the order itself, and (3) the docket sheet, to plaintiff's updated address of record, 3816 N. Wayne Ave, Kansas City, Missouri. *See* Order, ECF No. 14. In the same order, the Court *sua sponte* granted plaintiff an extension—until November 10, 2022—to file any opposition to defendant's motion to dismiss. *See id*. at 2. To date, plaintiff has neither filed an opposition nor requested an extension. Aside from the change of address, filed approximately eight months ago, *see generally* Pl.'s NCA, plaintiff has not participated in this case at all since the filing of his petition.

### B. Plaintiff's Factual Allegations

Plaintiff seeks to compel BOP to do two things, as described in more detail below.

#### *(1) Coenzyme Q10*

In his petition, plaintiff first demands a writ of mandamus compelling defendant to make the dietary supplement, Coenzyme Q10 ("CoQ10"), available for purchase in the inmate commissary at FCI Oakdale, and perhaps, at all federal prison commissaries, as purportedly required by 28 C.F.R. § 549.30. *See* Pet. at 4–6. [2] Section 549.30 "establishes procedures

---

[2] Plaintiff previously sued BOP in this Court raising a similar claim, namely, that the BOP's denial of his request for CoQ10 violated his Eighth Amendment rights, s*ee Morrison v. BOP*, No. 19-1838 (CRC) (filed June 20,

3

governing inmate access to Over-The-Counter (OTC) medications for all inmates except those in inpatient status at Federal Medical Centers[,]" and allows inmates to "buy OTC medications which are available at the commissary." 28 C.F.R. § 549.30.

According to defendant, in 2015, plaintiff received CoQ10 through a "special purchase order," or an approved inmate request to purchase an item not routinely sold in the institution's commissary. Def.'s Mem. at 5–6 (citing BOP Program Statement 4500.12 § 3.5, "Special Purchase Orders (SPO)"). He received CoQ10 until sometime in 2017, when his special purchase order was discontinued because the BOP added CoQ10 to the list of "Items Prohibited from Sale in the Commissary." *Id*. at 6 (citing BOP Program Statement 4500.12 § 3.3(g) (prohibiting the sale of "[d]ietary supplements such as amino acids in the form of tablets, capsules, liquids, or powders; desiccated liver tablets; ginseng; C.O.Q.10; gamma oryzanol, etc.")).

For some time thereafter, plaintiff was prescribed CoQ10 with the approval of BOP's Chief Pharmacist but, in 2019, the Chief Pharmacist denied plaintiff's prescription because, by then, BOP policy prohibited Health Services staff from prescribing non-FDA approved substances. *See id*. (citing BOP Program Statement 6360.1 § 7b, "Procedures and Operational Practices, National Drug Formulary;" BOP Program Statement 6031.04 § 36, "Vitamins and Nutritional Supplements"); *see also* Def.'s Ex. 2 (Pl.'s BOP Administrative Record), at 19, 22–24.

*(2)   Requiring Mask Wearing*

---

2019), at Compl., ECF No. 1; Amended Compl., ECF No. 25, and that action was dismissed, on March 30, 2021, for failure to state a claim, *see id.* at Dismissal Order, ECF No. 36; Memorandum Opinion, ECF No. 37.

Second, plaintiff seeks to enjoin defendant from "ordering [p]risoners to wear masks contrary to 28 C.F.R. § 541.8 Table 1 at #207 and, sanctioning the [p]risoners for failing to wear a mask." Pet. at 6.  The cited regulation,  28 C.F.R. § 541.8, governing "Discipline Hearing Officer (DHO) hearing[s]," provides that federal inmates may be sanctioned for "[w]earing a disguise or a mask," *see id*. at Table 1, "Prohibited Acts and Sanctions," "High Severity Level Prohibited Acts," at No. 207.  Plaintiff alleges that, starting in May or June 2020, his "institutional wardens" posted internal memorandums requiring inmates to wear masks, Pet. at 5, which requirement, he contends, improperly contradicted the "mandatory language of 28 C.F.R. § 541.8 Table 1 at #207." *id.* at 5–6.  Plaintiff does not allege that he was ever sanctioned for refusing to wear a mask, *see* Def.'s Mem. at 7; Def.'s Ex. 3 (Pl.'s Disciplinary Record), but contends that "some prisoners" were unfairly disciplined for such refusal when those inmates were, in fact, following the binding law set forth in the Code of Federal Regulations, *see* Pet. at 5.

## II.    STANDARD OF REVIEW

A court must dismiss a case under Federal Rule 12(b)(1) for mootness, one of the four central prongs of justiciability under Article III, *see Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996), permitting federal courts to adjudicate only "actual, ongoing controversies[,]" *Honig v. Doe*, 484 U.S. 305, 317 (1988).  If "events outrun the controversy such that the court can grant no meaningful relief[,]" *McBryde v. Comm. to Review Circuit Council Conduct and Disability Orders of Judicial Conference of U.S*., 264 F.3d 52, 55 (D.C. Cir. 2001), *cert. denied*, 537 U.S. 821 (2002), the case is moot and cannot proceed, *see Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992).

To survive a motion to dismiss under Federal Rule 12(b)(1), the plaintiff bears the burden of proving a court's subject-matter jurisdiction over the claim at issue. *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010); *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).  When considering such a motion, a court must accept as true all uncontroverted material factual allegations contained in the complaint and "'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged' and upon such facts determine jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005); *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004)).  A court need not accept inferences drawn by the plaintiff, however, if those inferences are unsupported by facts alleged in the complaint or amount merely to legal conclusions.  *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A court may consider documents outside the pleadings to assure itself that it has jurisdiction. *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

### III.   DISCUSSION

Plaintiff is no longer incarcerated and his release from custody extinguishes any subject matter jurisdiction over his claims.

Generally, when a prisoner challenges prison conditions or a BOP policy, that "prisoner's . . . release from a prison moots any claim he might have for equitable relief[.]" *Scott v. District of Columbia*, 139 F.3d 940, 941 (D.C. Cir. 1998), *cert. denied*, 525 U.S. 851 (1998); *id.* at n.1 (citing *Cameron v. Thornburgh*, 983 F.2d 253, 257 (D.C. Cir. 1993); *Dorman v. Thornburgh*, 955 F.2d 57, 58 (D.C. Cir. 1992) (per curiam) and collecting cases from multiple other Circuits)); *Lewis v. Contl. Bank Corp.*, 494 U.S. 472, 477–78 (1990) (holding same); *see, e.g., Martin-Trigona v. Smith*, 712 F.2d 1421, 1427 (D.C. Cir. 1983) (per curiam) (affirming dismissal

where plaintiff challenged various prison conditions and BOP policies because his "claims became moot when he was released from prison."); *Martin-Trigona v. Smith*, 712 F.2d 1420, 1420–21 (D.C. Cir. 1983) (per curiam) (holding same); *Aref v. Garland*, No. 20-5368, 2022 WL 605726, at *1 (D.C. Cir. Feb. 25, 2022) (per curiam) (vacating entry of summary judgment and remanding with instructions to dismiss as moot where plaintiff sought injunctive relief from the BOP, but had been released from custody).

The reasoning for this precedent is commonsensical. Standing depends on whether plaintiff is likely to suffer a future injury from the challenged actions. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (citations and internal quotation marks omitted), and past injury is insufficient, *see id*. at 95–96 (citing *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)). An intervening event, such as plaintiff's release from custody, may render a claim moot if "(1) there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely or irrevocably eradicated the effects of the alleged violations." *Pharmachemie B.V. v. Barr Labs., Inc.*, 276 F.3d 627, 631 (D.C. Cir. 2002) (internal quotation marks omitted) (quoting *Nat'l Black Police Ass'n v. D.C.*, 108 F.3d 346, 349 (D.C. Cir. 1997); *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).

Here, "plaintiff is no longer incarcerated, [and] does not allege that it is likely he will be incarcerated in a federal prison again[,]" *Zakiya v. United States*, 267 F. Supp. 2d 47, 55 (D.D.C. 2003) (dismissing former inmate's claims for injunctive relief), consequently his claims are "effectively doomed[,]" *Webman v. BOP*, No. 03-017 (CKK), 2005 WL 6088711, at *1, *3 (D.D.C. Jan. 4, 2005) (dismissing former inmate's claims for injunctive relief arising from his challenge to the BOP's religious program policies, because he was "no longer is incarcerated by the BOP"), *aff'd*, 441 F.3d 1022, (D.C. Cir. 2006); *see Shepard v. Quinlan*, No. 90–895, 1991

WL 221137, at *1 (D.D.C. Oct. 7, 1991) (finding that plaintiff's claims against the BOP "seeking relief in the form of a writ of mandamus" were moot because he was "no longer in the custody of the federal Bureau of Prisons[.]"). The violations alleged by plaintiff simply cannot recur as to plaintiff and his standing to raise his claims therefore depends on whether he somehow (1) finds himself back in the custody of the BOP, and (2) personally faces the alleged hardships upon reincarceration. This is an "untenable" hypothetical. *See Webman*, 2005 WL 6088711, at *4 (finding that plaintiff could not predicate standing "on the chance that he [may someday] be incarcerated again[.]"). "The Supreme Court has repeatedly refused to consider the likelihood of a future harm when the harm will be revisited on a criminal inmate only upon committing a subsequent crime." *Id.* (citing *O'Shea*, 414 U.S. at 497; *Lane v. Williams*, 455 U.S. 624, 633 n.13 (1982); *Spencer v. Kemna*, 523 U.S. 1, 15 (1998)).

No live controversy remains in this matter, given plaintiff's release from BOP custody, *see Martin-Trigona*, 712 F.2d at 1427, and therefore this Court lacks subject matter jurisdiction, *see Haase*, 835 F.2d at 906.

### IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), ECF No. 11, is granted, and this case is dismissed as moot. An order consistent with this memorandum opinion will be issued contemporaneously.

Date:  January 12, 2023

_____/s/_____
BERYL A. HOWELL
Chief United States District Judge